IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 4:10CR3121 |
| | ) | |
| v. | ) | |
| | ) | |
| COLLEEN KAREN ARAGON, | ) | MEMORANDUM |
| | ) | AND ORDER |
| Defendant. | ) | |

The defendant has filed a timely § 2255 motion alleging that her lawyers were ineffective. After initial review, I now deny the motion because the files and records plainly show that the motion has no merit.

The defendant, who was then about 51 years old, was charged with conspiracy to distribute methamphetamine. She had at least two prior drug convictions that could have resulted in a mandatory life sentence in this case under the provisions of 28 U.S.C. § 841(b)(1) should the government file an information.

The government had her "dead to rights." It possessed evidence of controlled buys by undercover police officers and the testimony of various cooperators.

Initially, the defendant was represented by Chad Wythers. The defendant became dissatisfied with Wythers, and the magistrate judge replaced Wythers with Stefanie Martinez.

Martinez did a great job. She negotiated a plea agreement that, among other things, bound the government not to file an information regarding the prior drug felonies. In return, the defendant agreed that she was responsible for 500 grams or more of a mixture or substance containing methamphetamine, but less than 1.5 kilos of that substance. At sentencing, the defendant's Guidelines' range was 262 to 327

months in prison due to the fact that the defendant was a career offender. After hearing the arguments of Ms. Martinez, I varied downward and imposed a sentence of 188 months in prison. The defendant appealed, but the appeal was dismissed on motion of the government because the defendant had waived her right to appeal.

The *Strickland* standard must be applied to the defendant's claims of ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984) (announcing principles for evaluation of claims of ineffective assistance of counsel under the Sixth Amendment). In order to prevail on a claim that defense counsel rendered ineffective assistance of counsel under *Strickland*, the claimant must establish two things. He or she must establish (1) that "'counsel's representation fell below an objective standard of reasonableness,'" and (2) that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Nguyen v. United States*, 114 F.3d 699, 703-04 (8th Cir. 1997) (quoting *Strickland*, 466 U.S. at 688, 694.)

An evidentiary hearing is unnecessary if the claimant makes an insufficient preliminary showing on either or both prongs or the record clearly contradicts the claimant's showing on either or both prongs. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (affirming denial of § 2255 motion without a hearing in the face of an ineffective assistance of counsel claim; stating that no evidentiary hearing is required where "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.").

*Claim One: Counsel failed to challenge drug quantity and purity*.

This claim has no merit. In the plea agreement, the defendant agreed to the quantity range that set the base offense level at sentencing. Moreover, any such challenge would have been fruitless as the probation officer independently determined

2

that the defendant was responsible for more than 1.5 kilos of a substance containing methamphetamine, but to be cautious he agreed with the government's lower estimate of 1.1 kilos. Still further, the base offense level was predicated upon a mixture or substance containing methamphetamine rather than actual methamphetamine. Since actual methamphetamine was not claimed, there was no reason to argue about purity.

*Claim Two: Counsel failed to file a motion for a bill of particulars regarding the defendant's "position" in the conspiracy.*

This claim has no merit. The defendant did not receive an upward role adjustment at sentencing. Moreover, the government provided the defendant's counsel with all of the police reports. A motion for a bill of particulars was unnecessary and would have been denied.

*Claim Three: Counsel failed to challenge a search of the defendant on July 8, 2010.*

This claim has no merit. There was no evidence adduced at sentencing or presented in the presentence report about this alleged search or any drugs or money that were derived from this alleged search. If such a search actually took place, the failure to challenge it did not result in any prejudice.

*Claim Four: Counsel visited the defendant only twice.*

This allegation is directed at Mr. Wythers, and it has no merit. Given the overwhelming evidence against the defendant, there was little or nothing for Mr. Wythers to talk about regarding a defense to the merits. Under those circumstances, two visits, early on, would have been more than sufficient. Still further, since Wythers was replaced by Ms. Martinez, and she did a fantastic job, the defendant cannot show any prejudice.

Accordingly,

IT IS ORDERED that the Motion to Vacate under 28 U.S.C. § 2255 (filing no. 110) is denied and dismissed with prejudice. A separate judgment will be issued.

DATED this 25th day of October, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.