IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CR3121 |
| | ) | |
| v. | ) | |
| | ) | |
| COLLEEN KAREN ARAGON, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Colleen Karen Aragon (Aragon) has filed another Motion to Vacate under 28 U.S.C. § 2255. I will deny it.

Aragon will not take "no" for an answer. She has filed a second § 2255 motion after I denied the first one. (Filing no. 111 and filing no. 112.) She has not obtained permission from the Court of Appeals to do so despite the requirements of the law. 28 U.S.C. § 2255(h); *United States v. Hamilton*, 604 F.3d 572, 574 (8th Cir. 2010) (a "successive § 2255 motion is not permitted unless the motion is certified by a panel of this court [the Court of Appeals] to contain 'newly discovered evidence' or 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable'"). Thus, her motion must be denied.

Two additional observations are in order:

* Her drug conspiracy sentence was not "enhanced" as she claims. For goodness sake, I imposed a prison sentence of 188 months when her Guideline range was 262 to 328 months as a result of her being a career offender. Moreover, she agreed to the drug quantity in her plea agreement that was used to calculate the Guidelines.

\* *Alleyne v. United States*, 133 S.Ct. 2151 (2013) (holding that a finding as to whether defendant had brandished, as opposed to merely carrying, firearm in connection with crime of violence, because it would elevate mandatory minimum term for firearms offense from five to seven years, was element of separate, aggravated offense that had to found by jury) has no substantive bearing on her case. Still further, even if *Alleyne* applied to her, it is questionable whether the decision is retroactive for offenders like Aragon whose cases were final before that decision was issued.

IT IS ORDERED that the Motion to Vacate under 28 U.S.C. § 2255 (filing no. 122) is denied with prejudice. A separate judgment will be issued.

DATED this 9th day of August, 2013.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge